UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MIGUEL PALMA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:13-CV-575 |
| § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER TO REMAND

The Court now considers the self-styled "Plaintiffs' Motion to Remand,"[1] filed by Miguel Palma and Maria I. Palma ("Plaintiffs"). Allstate Texas Lloyd's ("Allstate") and Suzanne Ehrhardt and Richard Thompson ("the Adjusters") have filed a response,[2] and Plaintiffs have replied.[3]

After considering the motion, response, reply, record, and relevant authorities, the Court **GRANTS** the motion and **REMANDS** the case to state court.

### I.  Background

In April 2012, a hailstorm struck Plaintiffs' residence.[4] Plaintiffs submitted a claim to their insurer Allstate, who assigned the Adjusters to the claim. Dissatisfied with the handling and resolution of their claim, Plaintiffs filed suit in state court on August 23, 2013,[5] and served Defendants on September 21 and 24, 2013.[6] In their complaint, Plaintiffs alleged that the Adjusters improperly handled their claim:

---

[1] Dkt. No. 8.
[2] Dkt. No. 11.
[3] Dkt. Nos. 12, 13.
[4] Dkt. No. 1, Attach. 2 at p. 5.
[5] Dkt. No. 1, Attach. 2.
[6] Dkt. No. 1 at p. 2.

"On or about July 20, 2013, Ehrhardt conducted a substandard inspection of Plaintiffs' Property. For example Ehrhardt spent a mere forty-five (45) minutes inspecting Plaintiffs' entire Property for hail storm and/or windstorm damages. The inadequacy of Ehrhardt's inspection is further evidenced by her report, which failed to include all of Plaintiffs' hail storm and/or windstorm damages noted upon inspection. Specifically, Ehrhardt failed to include the damages to the home's interior and fence in her report. Moreover, the damages that Ehrhardt actually included in her report were grossly undervalued. Ehrhardt also improperly withheld material sales tax and prospective contractors' overhead and profit from her estimate . . . . [Defendant Thompson] communicated with Plaintiffs by telephone regarding their claim and/or reviewed reports, documents, and information regarding the claim. Furthermore, in a phone conversation with Plaintiffs on July 29, 2013 when they called to express their concern regarding Defendant Ehrhardt's estimate, Thompson told Plaintiffs that they needed to get an estimate from a contractor. Ultimately, Thompson failed to thoroughly review Ehrhardt's assessment of the claim and ultimately approved and/or submitted an inaccurate report of the damages."[7]

Plaintiffs alleged the Adjusters' actions constituted unfair settlement practices in violation of the Texas Insurance Code, §§541.060(a)(1)-(4), 541.060 (a)(2)(A), and 541.060 (a)(7).[8] Defendants timely removed to this Court on October 17, 2013. While Defendants admit that Texas law permits a cause of action against the Adjusters,[9] they assert the Adjusters were improperly joined because Plaintiffs failed to allege they performed any specific material acts.[10]

## II. Subject Matter Jurisdiction and Improper Joinder

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[11] Here, only diversity is in question. The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[12] Moreover, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete

---

[7] Dkt. No. 1, Attach. 2 at pp. 6-7.
[8] *Id.* at pp. 8-9, 11-14.
[9] Dkt. No. 11 at p. 7, ¶4.11.
[10] Dkt. No. 1 at pp. 4-6.
[11] 28 U.S.C. 1332(a).
[12] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[13] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[14]

When considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[15] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[16] In conducting the 12(b)(6)-type analysis in the improper joinder context, the Court evaluates the petition under the state-court pleading standards,[17] by which the pleading must state a cause of action and give fair notice of the relief sought.[18] The Supreme Court of Texas has stated:

> "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[19]

### III.   Analysis

*The complaint alleges facts sufficient to state a claim against the Adjusters*

As stated above, the Court applies state pleading standards to removed complaints. However, even if the Court did apply the federal *Iqbal/Twombly* pleading standards, as Defendants request,[20] Plaintiffs' complaint would state a claim with adequate specificity to withstand a Rule 12(b)(6) analysis. Plaintiffs alleged the Adjusters performed specific acts,

---

[13] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[14] *Id.*
[15] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[16] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[17] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[18] *Id*. *See also* TEX. R. CIV. P. 45 & 47.
[19] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[20] *See* Dkt. No. 11 at pp. 7-8.

including performing a substandard inspection, ignoring certain damage to the property, improperly withholding expenses from the damage estimate, and failing to properly review the claim.[21] These are far from conclusory legal allegations, and Plaintiffs clearly alleged the Adjusters, not Allstate, performed these acts. Plaintiffs then matched their factual allegations to specific causes of action under the Texas Insurance Code.[22] This wealth of detail enables the Court to ascertain the cause of action and relief sought from Plaintiffs' pleadings alone, and thus satisfies Texas' notice pleading standards.

*The complaint need not allege the Adjusters caused independent damages*

In their response to the motion to remand, Defendants claim that Texas law requires evidence of extracontractual harm as a condition on recovery for extracontractual damages, and that as a result Plaintiffs must plead such harm in order to state a claim against the Adjusters.[23] However, Defendants conflate an evidentiary requirement with a pleading standard. The Fifth Circuit has indicated that allegations that the adjuster himself directly violated the insurance code and caused damages satisfy Texas pleading requirements at this early stage of the proceedings.[24] While Plaintiffs must demonstrate damages independent of the denial of insurance coverage to recover from the Adjusters, Plaintiffs do not need to plead such damages to state a cause of action against them.  Here Plaintiffs specifically alleged the Adjusters violated the insurance code, and that these violations resulted in Plaintiffs' damages.[25] This allegation suffices to state a claim under state law against the Adjusters.

---

[21] Dkt. No. 1, Attach. 2 at pp. 6-10.
[22] *Id.* at pp. 11-14.
[23] Dkt. No. 11 at pp. 4-7.
[24] *See* Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 544-45 (5th Cir. 2004) (finding that Texas would not allow recovery, and thus remand was appropriate, "*in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." (emphasis in original)).
[25] *See* Dkt. No. 1, Attach. 2 at pp. 14-19.

## IV. Holding

Plaintiffs have met Texas' pleading standards for a viable claim by alleging specific facts and causes of action against the Adjusters. Having reached this conclusion, the Court need not address Defendants' argument that Plaintiffs' fraud, bad faith, and §541 claims do not meet the requirements of Federal Rule of Civil Procedure 9(b).[26] The Adjusters were not improperly joined in this action. Accordingly, the parties are not completely diverse, and the Court lacks jurisdiction. The Court **REMANDS** the case to state court.

IT IS SO ORDERED.

DONE this 8th day of January, 2014 in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[26] Dkt. No. 11 at pp. 13-15.